[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION FOR SUMMARY JUDGMENT #104
The plaintiff in this matter is Jeffrey Saye. The defendants are Old Hill Partners, Inc. and John Howe, majority shareholder and president of Old Hill Partners, Inc. (OHP). The plaintiff alleges the following facts. OHP hired the plaintiff as a portfolio manager February 1, 2000. The plaintiff was hired pursuant to a written employment agreement that provided that the plaintiff would be paid a minimal salary of $100,000. CT Page 9266 and receive 15 percent of OHP's stock, to vest over a period of time, with options to purchase additional shares under certain terms and conditions.
The plaintiff asserts that 1) The defendants violated General Statutes § 31-72 by not paying the plaintiff bonus compensation for additional services he performed; 2) the defendants breached their agreement to pay the plaintiff compensation earned for additional services he performed in reliance upon the agreement; and 4) the defendants wrongfully discharged the plaintiff to avoid payment of the agreed upon 25 percent of the defendants' net income.
The plaintiff filed for a prejudgment remedy and that hearing is scheduled for July 22, 2002. The defendants move for summary judgment arguing that the plaintiff signed a shareholder agreement, which by its terms sets forth the entire understanding of the parties and pursuant to the agreement, the plaintiff is not entitled to any of the monies he seeks in this action. Further, the plaintiff is operating under the premise that the agreement was modified by discussions and/or communications through electronic mail which is not the case. The defendant claims the agreement was not modified pursuant to its terms and therefore, the plaintiff's claims are baseless. The plaintiff responds that his claims are based upon compensation due him pursuant to subsequent agreements between the parties for additional services he performed. Therefore, because the shareholder agreement has absolutely no connection to the plaintiff's claims. Further, since discovery has not taken place in this case, the plaintiff contends that he does not have access to documentary evidence to support his claim.
"The existence of a contract is, at least partially, a question of fact." (Internal quotation marks omitted.) Simmons v. Simmons,244 Conn. 158, 187, 708 A.2d 949 (1998). "Whether the written contract was actually the final repository of the oral agreements and dealings between the parties depends on their intention, evidence as to which is sought in the conduct and language of the parties and the surrounding circumstances." (Internal quotation marks omitted.) Associated CatalogMerchandisers, Inc. v. Chagnon, 210 Conn. 734, 739, 557 A.2d 525 (1989). "Whether the parties intended to modify their contract is a question of fact." Three S. Development Co. v. Santore, 193 Conn. 174, 177-78,474 A.2d 795 (1984).
Practice Book § 17-44 states, "[i]n any action . . . any party may move for summary judgment at any time. . .". The Practice Book §17-45 provides: "A motion for summary judgment shall be supported by such documents as may be appropriate, including, but not limited to affidavits, certified transcripts or testimony under oath, disclosures, CT Page 9267 written admissions and the like." Practice Book § 17-49 provides: "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Because there is conflicting evidence regarding the parties' intent and whether the agreement was modified by conduct, summary judgment is inappropriate. The defendants' motion for summary judgment is denied without prejudice.
GALLAGHER, J.